UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUDY ZIELINSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| DAVID P. HENRY, ) | |
| ) | |
| Serve at: ) | |
| 776 Douglas Highway ) | |
| Lamoine, ME 04605 ) | |
| ) | |
| and ) | |
| ) | |
| DOWNEAST TRANSPORTATION, INC., ) | |
| ) | |
| Serve Registered Agent: ) | |
| Paul Murphy ) | |
| 685 Bar Harbor Road ) | |
| Trenton, ME 04605 ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff, Judy Zielinski, by and through her undersigned counsel, and for her cause of action against Defendants David P. Henry and Downeast Transportation, Inc., states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Judy Zielinski ("Plaintiff") is an individual and citizen of the State of Missouri, residing in Franklin County, Missouri, within the Eastern Division of the United States District Court for the Eastern District of Missouri. Plaintiff is mobility-impaired and, at all relevant times, used a motorized scooter for transportation.

1

2. Defendant David P. Henry ("Defendant Henry") is an individual and a citizen of the State of Maine. At all times relevant hereto, he was employed as a commercial bus driver for Downeast Transportation, Inc., and was acting within the course and scope of his employment.

3. Defendant Downeast Transportation, Inc. ("Defendant Downeast Transportation") is a nonprofit corporation organized under Title 13-B of the Maine Revised Statutes, with its principal place of business located in Trenton, Maine. Accordingly, Defendant Downeast Transportation is a citizen of Maine for purposes of 28 U.S.C. § 1332(c)(1). It operates the Island Explorer bus service, providing public shuttle transportation within Acadia National Park and neighboring village centers in the State of Maine.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff is a citizen of Missouri, Defendant Henry is a citizen of Maine, Defendant Downeast Transportation is a citizen of Maine, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in the Eastern Division of the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this District. Although the underlying incident took place in the State of Maine, Plaintiff resides in this District and has suffered ongoing and significant physical, emotional, and economic harm here as a direct and foreseeable result of Defendants' conduct. Plaintiff has received and continues to receive medical care in this District, has incurred substantial medical expenses here, and experiences daily limitations, pain, and loss of quality of life within this forum. The continuing nature of these injuries and their impact in Missouri are integral to Plaintiff's claims for damages and constitute a substantial part of the events giving rise to the claim.

## FACTUAL ALLEGATIONS

6. On or about September 22, 2023, Plaintiff and her husband were visiting Acadia National Park in Bar Harbor, Maine. Plaintiff, who requires a mobility scooter, boarded a Downeast Transportation bus driven by Defendant Henry.

7. At all relevant times, Defendant Henry was acting within the course and scope of his employment with Downeast Transportation.

8. Employees Edward Shay and Chris McGinty—who are not named as parties to this action—assisted Plaintiff onto the bus using a mechanical lift. However, her scooter was not secured to the bus floor using the provided safety straps.

9. Plaintiff's scooter was positioned improperly on the bus, and no employee verified or attempted to ensure that it was safely locked down or compliant with securement protocols.

10. Shortly after departure, Defendant Henry made a sharp, abrupt left turn. The unsecured scooter tipped and violently flipped, ejecting Plaintiff onto the floor, with the 250-pound scooter landing on top of her.

11. Passengers had to alert Defendant Henry, who failed to stop promptly or check on Plaintiff. The bus continued to additional stops before reaching the Visitor Center.

12. Island Explorer buses operated by Downeast Transportation were not properly configured to accommodate scooters like Plaintiff's, and staff inconsistently applied safety policies.

13. Defendant Downeast Transportation failed to properly train its employees and enforce securement procedures, despite knowing that they served mobility-impaired individuals.

14. As a direct and proximate result of the incident, Plaintiff sustained serious, painful, and permanent injuries to her body. She returned to Missouri and has since required ongoing medical treatment.

15. As a further direct and proximate result of the incident, Plaintiff has incurred and will continue to incur expenses for reasonable and necessary medical treatment, including past, present, and future medical expenses.

16. As a further direct and proximate result of the incident, Plaintiff's motorized scooter was destroyed. Plaintiff seeks to recover the full replacement value of the scooter, along with all other associated property losses and expenses.

### COUNT I – NEGLIGENCE (Against All Defendants)

COMES NOW Plaintiff, and for Count I of her cause of action against Defendants Henry and Downeast Transportation, states as follows:

17. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

18. At all relevant times, Defendant Henry was acting within the course and scope of his employment as a bus driver for Defendant Downeast Transportation.

19. Defendant Henry owed Plaintiff a duty of care to provide safe transportation, including properly securing her mobility scooter and operating the bus in a reasonably safe manner to avoid foreseeable harm.

20. Defendant Henry breached that duty by failing to inspect, verify, and secure Plaintiff's mobility scooter using the required safety equipment before operating the vehicle.

21. Defendant Henry knew or should have known that failing to secure Plaintiff's mobility scooter posed a significant risk of harm—especially while transporting disabled passengers in a commercial vehicle.

22. Despite this knowledge, Defendant Henry negligently failed to secure Plaintiff's mobility scooter and operated the vehicle in a reckless and dangerous manner—specifically by making an abrupt, sharp turn that foreseeably caused Plaintiff to be ejected when her mobility scooter overturned.

23. Defendant Henry's failure to secure Plaintiff's mobility scooter, his failure to stop the bus promptly after the incident, and his failure to check on Plaintiff's well-being were not mere oversights or mistakes, but instead demonstrated a pattern of reckless conduct, conscious disregard, and complete indifference to the health, safety, and welfare of Plaintiff and other passengers. Such conduct entitles Plaintiff to an award of punitive damages sufficient to punish Defendants and to deter them and others from engaging in similar conduct now and into the future.

24. Defendant Downeast Transportation is vicariously liable for the acts and omissions of Defendant Henry since they were committed within the course and scope of his employment.

25. As a direct and proximate result of Defendants' negligence, Plaintiff was ejected from her mobility scooter, which overturned and landed on her, causing serious, permanent, and progressive injuries.

26. Plaintiff also suffered property damage, including the destruction of her motorized scooter.

27. As a further direct and proximate result of Defendants' negligence, Plaintiff sustained severe and permanent injuries to her head, shoulders, legs, arms, ribs, neck, back, and body as a whole; emotional and psychological distress; the need for past, present, and future

medical treatment; loss of enjoyment of life; inconvenience; pain and suffering; and economic damages.

WHEREFORE, Plaintiff prays for judgment against Defendants Henry and Downeast Transportation, jointly and severally, in an amount in excess of $75,000.00 for compensatory damages, together with an award of punitive damages in an amount which the jury believes will serve to punish Defendants for their willful and reckless conduct and deter others from similar conduct, plus costs, interest, attorneys' fees to the extent allowed by law, and any other relief the Court deems just and proper.

**COUNT II – NEGLIGENCE (Against Defendant Downeast Transportation, Inc.)**

COMES NOW Plaintiff, and for Count II of her cause of action against Defendant Downeast Transportation, states as follows:

28. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

29. At all relevant times, Defendant Downeast Transportation operated a public transportation service that routinely served disabled passengers, including individuals using mobility scooters and wheelchairs.

30. Defendant Downeast Transportation owed Plaintiff a duty of care to ensure her safe transportation, including the proper development, implementation, and enforcement of safety policies, training of staff, and securement of mobility devices in accordance with applicable federal regulations and industry standards.

31. Defendant Downeast Transportation knew or should have known that federal regulations and basic safety practices—including those under 49 C.F.R. § 38.23(d)(5)—required

the proper securement of mobility aids, and that failure to follow such procedures would likely result in serious injury to passengers such as Plaintiff.

33. Despite this knowledge, Defendant Downeast Transportation breached its duty of care by failing to develop, implement, or enforce adequate training programs or safety protocols, and allowed its employees to transport mobility-impaired passengers—including Plaintiff—without verifying or securing mobility devices to the floor of the bus using the provided safety equipment.

33. Defendant Downeast Transportation's failures were not isolated mistakes but instead reflected a pattern of systemic disregard and indifference to the safety needs of vulnerable passengers.

34. Defendant Downeast Transportation's repeated failure to enforce federally required securement procedures, properly train employees, and ensure compliance with mandatory safety standards constituted reckless conduct, conscious disregard, and complete indifference to the health, safety, and welfare of Plaintiff and other passengers. Such conduct entitles Plaintiff to an award of punitive damages sufficient to punish Defendant Downeast Transportation and to deter them and others from engaging in similar conduct now and into the future.

35. As a direct and proximate result of Downeast Transportation's negligence, Plaintiff was ejected from her mobility scooter, which overturned and landed on her, causing serious, permanent, and progressive injuries.

36. Plaintiff also suffered property damage, including the destruction of her motorized scooter.

37. As a further direct and proximate result of Defendant Downeast Transportation's negligence, Plaintiff sustained severe and permanent injuries to her head, shoulders, legs, arms,

ribs, neck, back, and body as a whole; emotional and psychological distress; the need for past, present, and future medical treatment; loss of enjoyment of life; inconvenience; pain and suffering; and economic damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Downeast Transportation in an amount in excess of $75,000.00 for compensatory damages, together with an award of punitive damages in an amount which the jury believes will serve to punish Defendant Downeast Transportation for its willful and reckless conduct and deter others from similar conduct, plus costs, interest, attorneys' fees to the extent allowed by law, and any other relief the Court deems just and proper.

### **COUNT III – NEGLIGENCE PER SE (Against All Defendants)**

COMES NOW Plaintiff, and for Count III of her cause of action against Defendants Henry and Downeast Transportation, states as follows:

38. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

39. At all relevant times, Defendant Henry was acting within the course and scope of his employment as a bus driver for Defendant Downeast Transportation.

40. At all relevant times, Defendant Downeast Transportation was a public transportation provider subject to federal regulations governing the operation and safety of services for passengers with disabilities, including but not limited to 49 C.F.R. § 38.23(d)(5).

41. 49 C.F.R. § 38.23(d)(5) mandates that public transportation operators ensure mobility aids, such as scooters and wheelchairs, are properly secured using appropriate safety equipment during transit.

42. This regulation was enacted to prevent the very type of harm suffered by Plaintiff—i.e., the ejection and injury of mobility-impaired passengers due to unsecured mobility devices during transit.

43. Plaintiff is a member of the class of persons the regulation was specifically designed to protect: individuals with mobility impairments relying on public transportation services.

44. The injuries suffered by Plaintiff—including those caused by being thrown from her unsecured mobility scooter—are the direct and foreseeable consequences of Defendants' failure to comply with this safety regulation.

45. Defendants' failure to secure Plaintiff's mobility device in accordance with 49 C.F.R. § 38.23(d)(5) constitutes negligence per se, as they violated a federal safety regulation intended to protect Plaintiff and others similarly situated.

46. Defendant Downeast Transportation is vicariously liable for Defendant Henry's violation of 49 C.F.R. § 38.23(d)(5) because the violation occurred within the course and scope of his employment.

47. Defendants' violations of the federally mandated safety regulation constituted reckless conduct, conscious disregard, and complete indifference to the health, safety, and welfare of Plaintiff and other passengers. Such conduct entitles Plaintiff to an award of punitive damages sufficient to punish Defendants and to deter them and others from engaging in similar conduct now and into the future.

48. As a direct and proximate result of Defendants' violation, Plaintiff was ejected from her mobility scooter, which overturned and landed on her, causing serious, permanent, and progressive injuries.

49. Plaintiff also suffered property damage, including the destruction of her motorized scooter.

50. As a further direct and proximate result of Defendants' violation, Plaintiff sustained severe and permanent injuries to her head, shoulders, legs, arms, ribs, neck, back, and body as a whole; emotional and psychological distress; the need for past, present, and future medical treatment; loss of enjoyment of life; inconvenience; pain and suffering; and economic damages.

WHEREFORE, Plaintiff prays for judgment against Defendants Henry and Downeast Transportation, jointly and severally, in an amount in excess of $75,000.00 for compensatory damages, together with an award of punitive damages in an amount which the jury believes will serve to punish Defendants for their willful and reckless conduct and deter others from similar conduct, plus costs, interest, attorneys' fees to the extent allowed by law, and any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and applicable law.

Respectfully Submitted,

MILLER & HINE, LLC

/s/ James Miller
JAMES MILLER #67234MO
Attorney for Plaintiff
8764 Manchester Rd, Suite 204
St. Louis, MO 63144
O: (314) 413-2053
F: (314) 833-4058
E: jmiller@millerandhinelaw.com